IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARTLEY LALONDE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 16-1586 |
| | ) | |
| BANK OF AMERICA, N.A., | ) | Magistrate Judge Mitchell |
| Defendant. | ) | |

I. <u>Recommendation</u>

It is respectfully recommended that the Motion to Dismiss Plaintiff's Complaint filed by Defendant, Bank of America, N.A. (ECF No. 6), be granted.

II. <u>Report</u>

Plaintiff, Bartley Lalonde, filed this action in the Magisterial District Court (Mag. Dist. No. MJD-50-3-06), Butler County, Pennsylvania. Plaintiff alleges four causes of action against Defendant, Bank of America, N.A., namely: defamation, negligent enablement of identify fraud, violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, 1681a-1681x (FCRA), and violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA). Defendant removed the action to this Court on the basis of the federal questions presented by the FCRA and FDCPA claims, and has now filed a motion to dismiss. Although Plaintiff was directed to respond to the motion, he has not done so. For the reasons that follow, the motion should be granted.

<u>Facts</u>

Plaintiff complains about an inaccuracy in his credit reports. He contends that Defendant has failed to provide him with a copy of any viable evidence bearing his signature showing the account is being reported accurately. He seeks $5,000.00 in damages. (Notice of Removal Ex. A at 2.)

Procedural History

Plaintiff commenced this action by filing a Civil Complaint against Defendant in magisterial district court on September 6, 2016, docketed at No. MJ-50306-CV-0000146-2016. As noted above, the Complaint alleges claims of defamation, negligent enablement of identify fraud, violation of the FCRA, and violation of the FDCPA. On October 19, 2016, Defendant removed the action to this Court on the basis of the federal questions presented by the FCRA and FDCPA claims, 28 U.S.C. §§ 1331, 1441(a).

On November 3, 2016, Defendant filed a motion to dismiss (ECF No. 6), along with a brief in support (ECF No. 7). By order dated November 4, 2016 (ECF No. 8), Plaintiff was directed to file a response to the motion to dismiss by November 25, 2016. A copy of the briefing order and the Notice of Electronic Filing (NEF) was mailed to Plaintiff at his address of record. However, to date, no response has been filed.

Standard of Review for Motions to Dismiss

The Supreme Court has issued two decisions that pertain to the standard of review for failure to state a claim upon which relief could be granted. The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further

factual enhancement.'" Iqbal, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. Id. at 679. The Court of Appeals has summarized the inquiry as follows:

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1947, 173 L.Ed.2d 868 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

The Court of Appeals has explained that: "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted). In this case, Defendant has cited both the Civil Action Hearing Notice and Letter, which were attached to the Notice of Removal, and the Civil Complaint, which was filed in the magisterial district court and which is attached to its motion to dismiss. All of these items may be considered in determining whether Plaintiff has stated claims upon which relief may be granted.

Defendant argues that: 1) the state common law claims of defamation and negligence are preempted by the FCRA; 2) the FCRA claim must be dismissed because Plaintiff did not present it to the credit reporting agency, a required prerequisite to bringing suit; and 3) the FDCPA claim must be dismissed because Bank of America is not a "debt collector" covered by the Act's provisions.

3

Preemption of State Common Law Claims

The FCRA provides that:

no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). In 1996, Congress amended the FCRA to include an additional provision addressing preemption of state laws, which relates to the responsibilities of persons who furnish information to consumer reporting agencies:

No requirement or prohibition may be imposed under the laws of any State—

(1) with respect to any subject matter regulated under—

…

(F) section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply—

(i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or

(ii) with respect to section 1785.25(a) of the California[.]

15 U.S.C. § 1681t(b)(1)(F). Although these two provisions are difficult to reconcile, the majority of courts that have examined the issue recently have held that "§ 1681t(b)(1)(F) of the FCRA preempts all state [statutory and common] law claims with respect to all subject matter regulated under § 1681s-2 asserted against furnishers of information to credit reporting agencies." Prukala v. TD Bank USA, 2016 WL 6191912, at *3 (M.D. Pa. Oct. 24, 2016) (quoting Grossman v. Trans Union, LLC, 992 F. Supp. 2d 495, 500 (E.D. Pa. 2014). See also

Vullings v. Trans Union, LLC, 115 F. Supp. 3d 538 (E.D. Pa. 2015); Burrell v. DFS Servs., LLC, 753 F. Supp. 2d 438, 448-51 (D.N.J. 2010); Purcell v. Bank of America, 659 F.3d 622, 625 (7th Cir. 2011); Macpherson v. JPMorgan Chase Bank, N.A., 665 F.3d 45, 48 (2d Cir. 2011).

Plaintiff raises common law claims of defamation and negligence. As many courts have held, such claims are preempted by the FCRA. Therefore, the motion to dismiss these common law claims should be granted.

FCRA Claim Requirements

Defendant moves to dismiss the FCRA claim on the ground that Plaintiff did not communicate his concern to the credit reporting agency, which is a prerequisite to bringing suit.

The Court of Appeals has noted that:

> The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010) (quotation marks omitted). The FCRA places certain duties on those who furnish information to consumer reporting agencies. Under 15 U.S.C. § 1681s-2(a), for instance, the furnisher of information has a duty to provide accurate information. Additionally, 15 U.S.C. § 1681s-2(b) imposes a duty to conduct an investigation into the completeness and accuracy of the information furnished in certain circumstances. See id. at 714 ("a consumer must first inform the credit agency that s/he disputes the information," after which "[t]he credit reporting agency must reinvestigate promptly based on that dispute").
>
> The FCRA also has several provisions that create liability for violations of the Act. See, e.g., 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); id. § 1681o (creating civil liability for negligent noncompliance with any portion of the Act). These provisions, however, cannot be used by a private individual to assert a claim for a violation of § 1681s-2(a), as such claims are available only to the Government. Id. § 1681s-2(c) ("[S]ections 1681n and 1681o of this title do not apply to any violation of— (1) subsection (a) of this section...."); id. § 1681s-2(d) ("The provisions of law described in paragraphs (1) through (3) of subsection (c) of this section ... shall be enforced exclusively ... by the Federal agencies and officials and the State officials identified in section 1681s of this title."). This leaves 15 U.S.C. § 1681s-2(b) as the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information. See Chiang v. Verizon

5

New England Inc., 595 F.3d 26, 35 (1st Cir. 2010); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009); Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142, 149 (4th Cir. 2008).

> Although a private citizen may bring an action under 15 U.S.C. § 1681s-2(b), this cause of action is not without limitations. The duties that are placed on furnishers of information by this subsection are implicated only "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1). Notice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer. See Chiang, 595 F.3d at 35 n.8; Gorman, 584 F.3d at 1154; Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639 (5th Cir. 2002).

SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 357-58 (3d Cir. 2011) (footnote omitted).

The court concluded that:

> Under the statutory framework and clear language of the statute, therefore, a consumer must first alert the credit reporting agency that reported the allegedly erroneous information of a dispute. It is then up to the reporting agency to inform the furnisher of information that there has been a dispute, thereby triggering the furnisher's duty to investigate. It is only when the furnisher fails to undertake a reasonable investigation following such notice that it may become liable to a private litigant under § 1681s-2(b).

Id. at 359.

As a district court recently summarized:

> as a furnisher of information to credit reporting agencies, Wells Fargo can only be liable to private parties under 15 U.S.C. § 1681s-2(b) if the following conditions are met: (1) notice was sent by the consumer of disputed information to a consumer reporting agency, (2) the consumer reporting agency notified the furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information.

Angino v. Wells Fargo Bank, N.A., 2016 WL 787652, at *11 (M.D. Pa. Feb. 19, 2016) (citing Jamarillo v. Experian Information Solutions, Inc., 155 F. Supp. 2d 356, 362-63 (E.D. Pa. 2001); Slimm v. Bank of America Corp., 2013 WL 1867035, at *9 (D.N.J. May 2, 2013)). Plaintiff has not alleged that any of these conditions have been met.

Thus, Plaintiff cannot pursue a claim that Defendant provided inaccurate information to a

credit reporting agency, because only the government can bring such a claim under § 1681s-2(a). And he cannot maintain a claim against Defendant under § 1681s-2(b) for failing to conduct an investigation into the accuracy of the information it provided because he does not allege that he gave prior notice to the credit reporting agency, that the credit reporting agency gave notice to the bank and that the bank failed to investigate. Therefore, with respect to Plaintiff's FCRA claim, the motion to dismiss should be granted.

FDCPA Claims

Defendant moves for dismissal of the FDCPA claim on the ground that it is not a "debt collector" under the Act. Indeed, Plaintiff raises no claim that Bank of America was attempting to collect any debt by merely reporting his credit. "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." Jensen v. Pressler & Pressler, 791 F.3d 413, 417 (3d Cir. 2015) (quoting Trinity Indus., Inc. v. Chicago Bridge & Iron Co., 735 F.3d 131, 134 (3d Cir. 2013)).

The FDCPA defines a debt collector as:

any person who uses any instrumentality of interstate commerce of the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owned or due another.

15 U.S.C. § 1692a(6).

As Defendant observes, Plaintiff does not even allege that Bank of America was attempting to collect a debt. Rather, his only complaint concerns inaccurate information on his credit report. As explained above, such an allegation may state a claim under the FCRA (but Plaintiff has not followed the proper procedures to pursue it), but it does not state claim under the

7

FDCPA. Therefore, with respect to the FDCPA claim, the motion to dismiss should be granted.

Therefore, it is recommended that the Motion to Dismiss Plaintiff's Complaint filed by Defendant (ECF No. 6) be granted.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections by December 29, 2016. Any party opposing the objections shall file a response by January 12, 2017. Failure to file timely objections will waive the right of appeal.

Respectfully submitted,

s/Robert C. Mitchell_____
ROBERT C. MITCHELL
United States Magistrate Judge

Dated: December 15, 2016

cc: Bartley Lalonde
228 East Main Street
Apt. # 4
Evans City, PA 16033